## Johnson v. Johnson.

*Victor Braddock,* for exceptions.

WICKERSHAM, J., Oct. 18, 1929. — The libellant in this case prays to be divorced from her husband, the respondent, upon the ground that "he hath wilfully and maliciously deserted and absented himself from the habitation of Cora B. Johnson, libellant, without a reasonable cause, for and during the term and space of two years and uwards."

After hearing the testimony, the master found the facts which we have examined and find that they are supported by the testimony. We, therefore, adopt them as our own.

The master was of the opinion, however, that the motion for the appointment of a master was insufficient to confer jurisdiction upon him to hear the case and take the testimony. With this conclusion we cannot agree. Counsel for the libellant certified "that the said action is ready for hearing, all requirements of the law and rules of court having been strictly complied with by the libellant." We think this certificate is in substantial compliance with the law.

It appears from the record (see Notes of Testimony, page 1) that a subpœna was awarded on March 20, 1929; that, on March 21, 1929, the subpœna was served personally upon the respondent; that, on May 23, 1929, the master was appointed. It further appears (see Notes of Testimony, page 2) that the master mailed a notice of the time and place of hearing to the respondent by registered letter, as required by rule of court, and from the respondent the master received the receipt card, duly signed, showing that the same had been received by the respondent. It appears from the master's report (see page 2) the respondent did not appear in person or by counsel. The master also certified that the pleadings in the case were all attached to and made a part of his report. These we have examined and find that the respondent was notified of the proceedings in the manner required by law, and that he did not appear in person or by counsel. He did not file an answer, nor did he take a rule upon

254

the libellant to show cause why the issue of fact set forth in the said rule should not be tried by a jury.

The statute does not require either party to a divorce to request a jury trial; in fact, the statutes set forth that those parties who shall desire any matter that is affirmed by the one and denied by the other to be tried by a jury, may take a rule, after which the court decides whether or not a trial by jury may be had. Furthermore, the awarding of a trial by jury must be founded upon some substantial dispute. The courts have never demanded that rules issue for jury trials before appointments of masters, when facts are not disputed or when respondent fails to appear. We are of the opinion, therefore, that the certificate of counsel for the libellant in his motion for the appointment of a master is sufficient.

The exceptions to the master's report filed by the libellant are sustained. Under the findings of fact, we are of the opinion that the divorce should be granted; in fact, we find the master was of the same opinion, providing the certificate in the motion for the appointment of a master was sufficient.

And now, Oct. 18, 1929, a decree will be signed upon application of counsel upon payment of the costs.

From Homer L. Kreider, Harrisburg, Pa.